1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DEXTER BROWN,

11              Plaintiff,                    No. 2:12-cv-02321 KJM DAD P

12      vs.

13   ROBERT S. MUELLER, III, et al.,          ORDER AND FINDINGS

14              Defendants.                   AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  In his complaint plaintiff presents

17   claims pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal

18   Bureau of Narcotics, 403 U.S. 388 (1971).  Plaintiff has also filed an application to proceed in

19   forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned

20   magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

21   **I.  Screening Requirement**

22              The court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

24   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

25   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

26   /////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10         To state a claim on which relief may be granted, the plaintiff must allege "enough

11  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

12  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

13  accepts as true the material allegations in the complaint and construes the allegations in the light

14  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

15  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

16  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

18  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20         The minimum requirements for a civil complaint in federal court are as follows:

21       A pleading which sets forth a claim for relief . . . shall contain (1) a
    short and plain statement of the grounds upon which the court's

22       jurisdiction depends . . . , (2) a short and plain statement of the
    claim showing that the pleader is entitled to relief, and (3) a

23       demand for judgment for the relief the pleader seeks.

24  Fed. R. Civ. P. 8(a).

25  /////

26  /////

2

**II. Plaintiff's Claims**

In his complaint, filed on September 10, 2012, plaintiff names two defendants: Robert Mueller, III, the Director of the Federal Bureau of Investigations (F.B.I.), and Herbert Brown, the special agent in charge of the Sacramento Office of the F.B.I.

In his complaint plaintiff alleges as follows. Plaintiff has "advised the defendants" about prison officials' attempts to murder plaintiff; however, defendants failed to conduct an investigation "even as plaintiff sent sworn criminal complaints, accompanied by approximately 15 prison grievances, all written/submitted in the last approximate 7 months[.]" (Doc. No. 1 at 3-4.) Plaintiff claims that defendant Mueller's failure to investigate the murder attempt on plaintiff violates plaintiff's right to equal protection because the F.B.I. would have conducted the requested investigation if he was not a convicted felon. (Id. at 7.) As to defendant Brown, plaintiff claims that he subjected plaintiff to cruel and unusual punishment "due to the derilection [sic] of duty and apathy demonstrated toward plaintiff's life and safety by the defendants." (Id.) In terms of relief, plaintiff seeks declaratory relief and an injunction compelling defendants "to conduct a thorough investigation[.]" (Id. at 3.)

On October 10, 2012, plaintiff filed an unsigned amended complaint naming defendant Mueller as the sole defendant. (Doc. No. 10 at 2.) Therein, plaintiff repeated his allegation that "State of California prison officials had attempted to murder plaintiff on several occasions (amongst other crimes and civil rights violations)" and that the named defendants had refused to investigate his claims in this regard. (Id. at 3-4.) To the amended complaint plaintiff attached approximately one hundred pages of documents, including his own letter directed to "print and television media agents," in support of his contention that the California Department of Corrections and Rehabilitation (CDCR) has engaged in unlawful conduct and the named defendants have refused to investigate. (See Doc. No. 10.)

On October 18, 2012, plaintiff filed what appears to be intended as a second amended complaint in which he presents only his Bivens claim, again naming Mueller and

3

1   Brown as defendants.  Although incomplete, the second amended complaint repeated the

2   allegations noted above and included additional allegations concerning plaintiff's efforts to be

3   placed in federal custody by his making of a false threat against the President of the United

4   States, interference with his mail, lack of access to the law library, inadequate medical care,

5   conspiracy among prison and medical staff, and improper processing of his complaints

6   concerning an attempted murder.  (Doc. No. 11 at 1-8.)  Lastly, in that pleading plaintiff indicates

7   that he seeks the following injunctive relief:  (1) a court order directing to the Solano County

8   Sheriff to pick-up his evidence and documents relevant to this action; (2) an order compelling the

9   Warden of the California Medical Facility and his subordinates to forward all of plaintiff's

10  appeals alleging attempted murder to the CDCR Internal Affairs Division; (3) an order directing

11  the warden to ensure that plaintiff's mail is properly processed; (4) an order compelling the

12  District Attorney or Sheriff of Solano County to bring criminal charges against either plaintiff or

13  CDCR officials; and (5) declaratory relief.  (Doc. No. 11 at 18-19.)

14          Finally, on June 10, 2013, plaintiff filed with the court a pleading mislabeled as a

15  "First Amended Complaint."[1]  In that pleading, plaintiff for the most part repeated the many

16  allegations referred to above and again attached over 100 pages of various and random

17  documents in support of his claims.

18  **III.  Legal Standards Applicable to a <u>Bivens</u> Action**

19          Plaintiffs who seek to allege claims for redress of the deprivation of their

20  constitutional rights by federal officers may bring an action under <u>Bivens v. Six Unknown</u>

21  <u>Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), if the claim is alleged

22  against a federal employee in his or her individual capacity.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 485-

23  86 (1994); <u>Vaccaro v. Dobre</u>, 81 F.3d 854, 856 (9th Cir. 1996).  Bivens actions are identical to

24  civil  rights actions under 42 U.S.C. § 1983 except for the replacement of state actor under §

25  _____

26          [1]  The pleading is in fact the third amended complaint filed by plaintiff in this action.

4

1  1983 by federal actor under Bivens.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1206 (9th Cir. 2011)

2  ("Although more limited in some respects, a <u>Bivens</u> action is the federal analog to an action

3  against state or local officials under § 1983.") (internal quotation marks omitted); <u>Van Strum v.</u>

4  <u>Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

5      In <u>Bivens</u> the Supreme Court held that the plaintiff could seek to recover

6  monetary damages for injury sustained when federal officers violated his Fourth Amendment

7  rights.  403 U.S. at 392-94, 397.  The Court found that the right to such redress arose directly

8  under the Fourth Amendment.  <u>Id.</u>  The <u>Bivens</u> remedy is not restricted to claims arising under

9  the Fourth Amendment.  <u>See</u> <u>Davis v. Passman</u> 442 U.S. 228, 248-49 (1979) (recognizing a

10 damages remedy, in the context of alleged gender discrimination, for federal officers' violations

11 of the equal protection component of the Fifth Amendment); <u>Gibson v. United States</u>, 781 F.2d

12 1334, 1341-42 (9th Cir. 1986) (joining other circuits in recognizing that First Amendment claims

13 are properly cognizable through a <u>Bivens</u>-type action).

14 **IV.  Analysis**

15     Plaintiff's complaint is frivolous and should be dismissed.  Plaintiff's underlying

16 allegations that prison officials have attempted to murder him are too far-fetched to be believed.

17 <u>See Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989) (in forma pauperis statute accords judges

18 the authority to dismiss those claims whose factual contentions are clearly baseless, such as those

19 "describing fantastic or delusional scenarios"); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992);

20 <u>Warren v. Bush</u>, Case No. 2:08-cv-00376-RLH-LRL, 2008 WL 3876885, *2 (D. Nev. Aug. 18,

21 2008) (screening prisoner's complaint and recommending dismissal based upon finding that the

22 "allegations are fantastic, delusional, irrational, and frivolous").

23     In addition, having considered plaintiff's original complaint as well as his two

24 subsequent amended complaints, the undersigned must conclude that plaintiff has not stated, and

25 cannot state, a claim upon which relief may be granted.  This action is based on plaintiff's

26 apparent belief that the F.B.I. has a duty to investigate his complaints that California prison

officials have on numerous occasions attempted to murder plaintiff and have engaged in other

acts of misconduct against him.  There is no constitutional right to have F.B.I. officials to

conduct an investigation of every complaint brought to the attention of that agency.  For instance,

in Terrell v. Attorney General State of California State of California, No. C-98-00219-VRW,

1998 WL 574387 (N.D. Cal. Aug. 31, 1998), aff'd 188 F.3d 515, 1999 WL 637813 (9th Cir.

Aug. 10, 1999), the plaintiff  brought a civil rights and Bivens action against the F.B.I. and its

San Francisco agent-in-charge.  In dismissing the plaintiff's complaint without leave to amend

the District Court stated:

> The court can find no binding authority requiring the FBI to
> investigate every complaint that it receives.  To the contrary, courts
> have consistently described the FBI's mandate as a "discretionary
> rather than mandatory authority."  Agunbiade v. United States, 893
> F. Supp. 160, 163 (E.D. N.Y. 1995).  The FBI's decision not to
> investigate Terrell's complaint does not amount to a constitutional
> wrong.

Id. at *3.  The same is true here.  Plaintiff simply has no constitutional right to a F.B.I.

investigation into his claims that California prison officials have attempted to murder plaintiff.

To the extent that plaintiff claims he was discriminated against in violation of the

Equal Protection Clause, he has also failed to state a cognizable claim for several reasons.  First,

plaintiff speculates that he believes his complaints would have been investigated if he were not a

prisoner.[2]  However, plaintiff has not alleged any discriminatory motive on the part of the named

---

[2]  In his original complaint, plaintiff alleges:

> The Defendants denied Plaintiff equal protection of law where
> plaintiff sought the investigative relief of the F.B.I., from CDCR
> State prison officials, who plaintiff alleges has attempted to murder
> plaintiff (repeatedly) and are subsequently refusing [to] investigate
> the allegations of attempted murder.  Having tried and failed to
> obtain relief from State Officials, Plaintiff has only the F.B.I., who
> would not hesitate to investigate a similar claim from a citizen
> against a local police dept[.]  The only disparity being plaintiff's
> social status as a convicted felon and inmate.

(Doc. No. 1 at 7.)

6

defendants.  Moreover, "prisoners are not a 'protected class' for equal protection purposes." Jones v. Michigan, 698 F. Supp.2d 905, 917 (E.D. Mich. 2010) (quoting Dotson v. Wilkinson, 477 F. Supp.2d 838, 851 (N.D. Ohio 2007)).  See also Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (holding that plaintiff must show that defendants acted with an intent or purpose to discriminate against plaintiff based upon his membership in a protected class).  Second, defendants Mueller and Brown hold supervisory positions.  Supervisory personnel are generally not liable for the actions of their employees under a theory of respondeat superior.  Therefore, when a named defendant holds a supervisorial position, the causal link between the named defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Plaintiff has failed to allege any facts in any of his complaints suggesting such a causal link between his claims and the named supervisory defendants.  Third, as explained above, there is no constitutional duty on the part of the named defendants to investigate plaintiff's allegations of attempts on his life by prison officials their failure to investigate such allegations, without more, cannot form the basis of a cognizable claim of unlawful discrimination.

Finally, to the extent he has attempted to do so plaintiff has also failed to state a cognizable Eighth Amendment claim.  Because the named defendants do not have a duty to investigate plaintiff's allegations, plaintiff cannot state a cognizable claim that he has suffered cruel and unusual punishment as a result of their failure to investigate his far-fetched claims.

The undersigned has carefully considered whether plaintiff may amend her pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

1   In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted

2   above, the nature of his conclusory allegations and the fact that he has already filed two amended

3   complaints, the court finds that it would be futile to grant plaintiff leave to amend.

4   **V.  Other Matters**

5             Plaintiff has also filed three motions with the court.  On November 6, 2012,

6   plaintiff filed a document concerning his retention in administrative segregation and requested

7   that the court issue an order requiring an investigation into alleged criminal activity at his

8   institution of confinement.  (Doc. No. 15.)  On November 20, 2013, plaintiff filed a motion for

9   injunctive relief requesting that the court issue an order prohibiting his transfer from the

10  California Medical Facility, providing him the right to keep possession of his documentary

11  evidence, compelling his access to the prison law library as well as photocopying and paging

12  services, and requiring that the correctional facility provide confirmation of plaintiff's outgoing

13  mail.  On June 10, 2013, plaintiff filed a motion requesting the appointment of counsel.

14            In light of this court's recommendation that this action be dismissed with

15  prejudice as frivolous and as failing to state a claim upon which relief may be granted, plaintiff's

16  motions and requests will be denied.

17  **VI.  Conclusion**

18            For the reasons set forth above, IT IS HEREBY ORDERED that:

19            1.  Plaintiff's November 6, 2012 motion for a court order (Doc. No. 15) is denied;

20            2.  Plaintiff's November 20, 2012 motion for preliminary injunction and/or

21  motion for a temporary restraining order (Doc. No. 17) is denied; and

22            3.  Plaintiff's June 10, 2013 motion for appointment of counsel (Doc. No. 25) is

23  denied

24            IT IS HEREBY RECOMMENDED that:

25            1.  Plaintiff's October 18, 2012 application to proceed in forma pauperis (Doc.

26  No. 12) be denied;

2.  This action be dismissed without leave to amend as frivolous and for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1); and

3.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
brow2321.56

9